(Reap. Dec. 11115)

BORDER BROKERAGE COMPANY ET AL. *v.* UNITED STATES

Entry No. 05–4725, etc.

(Decided December 21, 1965)

*Lawrence & Tuttle* for the plaintiffs.
*John W. Douglas*, Assistant Attorney General, for the defendant.

WILSON, JUDGE: These appeals for reappraisement have been submitted for decision upon the following stipulation entered into between counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the plaintiff herein and the Assistant Attorney General for the United States and subject to approval of the Court as follows:

1. That this stipulation is limited to the items marked "A" and initialed EHM (Examiner's Initials) by Examiner E. H. Monroe (Examiner's Name) on the invoices covered by the appeals to reappraisement enumerated on Schedule "A" hereto, attached and made a part hereof.

2. That the merchandise herein consists of automobiles exported from Canada is similar in all material respects to the merchandise the subject of *John V. Carr & Sons* v. *United States*, 50 Cust. Ct. 388, R.D. 10442, wherein the Court held that the cost of production under Section 402(f), Tariff Act 1930, of automobiles manufactured in England, sold and shipped to a Canadian distributor, and then resold to a Canadian retailer who subsequently shipped the automobiles to an importer in the United States, excluded Canadian sales tax, Canadian excise tax and the Canadian distributors mark-up.

3. That on or about the date of exportation from Canada of the automobiles involved herein such or similar merchandise was not freely offered for sale in the ordinary course of trade in the principal markets of the country of exportation either for home consumption or for exportation to the United States.

4. That on or about such date of exportation such or similar merchandise was not freely offered for sale to all purchasers in the ordinary course of trade for domestic consumption in the principal markets of the United States.

5. That the cost of production on the automobiles herein as defined in Section 402(f) Tariff Act 1930, excluding Canadian sales tax, Canadian excise tax and Canadian distributors mark-up is equal to the unit values marked in green ink plus 5%, and plus extras for tires, luggage, radio, or heater or other items as marked in green ink.

6. That the Appeals to Reappraisement enumerated on schedule A, hereto attached and made a part hereof, may be submitted on this stipulation; same being limited to the merchandise and issues described herein and above and abandoned in all other respects.

On the agreed facts, I find and hold cost of production, as that value is defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the merchandise here involved and that such values, excluding Canadian sales tax, Canadian excise tax, and Canadian distributors' markup, are equal to the unit values, marked in green ink, plus 5 per centum, and plus extras for tires, luggage, radio, or heater or other items, marked in green ink.

Judgment will issue accordingly.